UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MONOLITO B. COOPER, )
)
   Plaintiff, )
)
v. ) Case No. 1:21-CV-174-KAC-CHS
)
RITA OWENS and )
MELBA HUFFMAN, )
)
   Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss this pro se prisoner's Amended Complaint for failure to prosecute and comply with the Court's Scheduling Order [Doc. 39]. Because Plaintiff has failed to comply with an order of this Court and prosecute this case diligently, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 39]. And the Court **DENIES** all other pending motions as **moot**.

On October 26, 2022, this Court entered its Scheduling Order setting the deadlines for this action [Doc. 30]. That Order required Plaintiff to submit his Pretrial Narrative Statement ("PNS") on or before October 31, 2023 [*Id.* ¶ 3]. The Order cautioned Plaintiff that failure to file a PNS would result in the dismissal of his Complaint [*Id.* ¶6]. Plaintiff failed to file his PNS as ordered. On November 1, 2023, Defendants filed a Notice of Plaintiff's failure to file his PNS [Doc. 38]. And Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 41(b) [Doc. 39]. Plaintiff did not respond to the Notice. Nor did he respond to Defendants' Motion to Dismiss. And over three (3) months later, Plaintiff still has not communicated with the Court.

"It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Federal Rule of

Civil Procedure 41(b) gives this Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court examines four factors when considering dismissal under Rule 41:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff's failure to prosecute this case and comply with this Court's order requires the Court to dismiss this action. ***First***, Plaintiff's failure to timely comply with the Court's Order and prosecute this action was due to Plaintiff's willfulness or fault. After various warnings and notices Plaintiff still failed to follow an explicit order of this Court. ***Second***, Plaintiff's failure to comply with the Court's Order has prejudiced Defendants. This case is set for trial on March 19, and Plaintiff has left Defendants without sufficient information to prepare for trial. ***Third***, the Court's Order expressly warned Plaintiff that failure to file his PNS would result in the dismissal of this case [Doc. 30 ¶ 6]. And this Court's Local Rules placed Plaintiff on notice that he must "monitor the progress of the case" and "prosecute or defend the action diligently." *See* E.D. Tenn. L.R. 83.13. ***Fourth***, alternative sanctions are not warranted. Plaintiff's deliberate decisions have left the Court unable to proceed with this action. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin

2

to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Here, Plaintiff's pro se status did not prevent him from complying with the Court's Scheduling Order and diligently prosecuting this case. Therefore, his status does not mitigate the balance of factors under Rule 41(b).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 39] and **DISMISSES** this action. In addition, the Court **DENIES all other pending motions as moot**. Because it would lack any legal or factual basis, any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3). Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED**. **AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge